# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSIONS TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; AND TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST,<br><br>Plaintiff(s),<br><br>vs.<br><br>WESTERN EXPLOSIVES SYSTEMS COMPANY, a Delaware corporation; JARED L. FREDERICK, JR., an individual; and PAUL A. FREDERICK, an individual,<br><br>Defendant(s). | Case No. 2:13-cv-00092-GMN-NJK<br><br><br><br>ORDER |

Pending before the Court is Plaintiffs' Renewed Motion to Compel and the parties' Stipulation to Extend Time for Defendant to File Response to Renewed Motion to Compel. Docket Nos. 27, 35. For the reasons discussed below, Plaintiffs' renewed motion to compel is hereby **DENIED** without prejudice and the parties' stipulation to extend time is **DENIED** as moot.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the non-responsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions

will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

The Court has reviewed the pending certification of counsel. Docket No. 27, Ring Decl. at ¶¶ 18-24, Exh. 1. It appears from the certification that when the parties met on June 25, 2014, for a meet and confer not all of the relevant information was available. *See Federal Deposit Insurance Corp., v. Flamingo, LLC, et al.*, 2013 WL 2558219, 2 (D.Nev.) ("[A] party must 'meaningfully assess [ ] the relative strengths and weaknesses of its position in light of all available information.'" (quoting *Nevada Power*, 151 F.R.D. 118, 120 (D.Nev.1993)). At the June 25, 2014, meeting, the parties agreed to allow Defendants thirty days to produce documents. The current motion is based in large part on the circumstances that developed after the June 25, 2014, meeting. After that June 25, 2014, meeting, the certification provides only a description of written communications between counsel, which are not

sufficient to satisfy the "personal consultation" requirement. *See ShuffleMaster*, 170 F.R.D. at 172 (exchange of letters does not satisfy meet and confer requirements). The parties, therefore, have not engaged in an adequate meet and confer for purposes of the instant motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' renewed motion to compel (Docket No. 27) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Extend Time for Defendant to File Response to Renewed Motion to Compel (Docket No. 35) is **DENIED** as moot.

IT IS SO ORDERED.

DATED: September 3, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge